IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL BRILLIANT and RONALD BRILLIANT,<br><br>          Plaintiffs,<br><br>   v.<br><br>TIFFIN MOTOR HOMES, INC.,<br><br>          Defendant.           / | No. C 09-04568 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Defendant's motion for summary judgment is currently set for hearing on July 9, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. <u>The case management conference set for the same day will remain on calendar.</u> Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS in part and DENIES in part the motion.


**BACKGROUND**

Plaintiffs Marisol and Ronald Brilliant bring this action for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* ("Magnuson-Moss") against defendant Tiffin Motorhomes, Inc., the manufacturer of a motor home purchased by plaintiffs in January 2008 from a dealership in Draper, Utah. Motor Vehicle Contract of Sale, Complaint Ex. A. Defendant offered a limited express warranty which covered repairs or replacements of any defects in parts or workmanship for the duration of the warranty period, which was one year or 12,000 miles, whichever came first. Limited Warranty, Def. Ex. B, at 2. According to plaintiffs, the motor home was defective when delivered. In the complaint plaintiffs identify a number of defects, including problems with rustproofing on the exterior

of the vehicle; the vehicle's electrical systems, interior components, toilet, locks, and windshield wipers; and the vehicle's muffler, fuel tank, and batteries. Complaint ¶¶ 11-12. Plaintiffs allege that they notified defendant of the defects and delivered the motor home to repair facilities in California, Arizona, and Nevada pursuant to defendant's instructions; defendant's own technicians also performed some repairs at plaintiffs' home. *Id.* at ¶ 13. Defendant does not contest this notification and repair history. *See* Mot. for Summ. Judg. at 5.

According to plaintiffs, defendant made a "reasonable number of attempts to service or repair the vehicle to conform to the express warranty," but in spite of these efforts, "the batteries do not charge; the generator runs only when the engine is running; there is no power to the dash instrumentation, air conditioner, radio and entry steps unless the generator is running; and rust and corrosion are causing the paint to peel and flake away on portions of the exterior." Complaint ¶ 14. Plaintiffs allege that they notified defendant of the remaining defects and requested a buy-back, but defendant refused. Plaintiffs claim that defendant has breached both its express warranty and the implied warranty of merchantability, giving rise to violations of Magnuson-Moss.

Presently before the Court is defendant's motion for summary judgment.

**LEGAL STANDARD**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

2

586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

**I.     Breach of Express Warranty**

Magnuson-Moss creates a private right of action for any "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the statute], or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). Plaintiffs' first claim is for breach of express warranty. In connection with this claim, plaintiffs seek a replacement or refund of the vehicle as well as incidental and consequential damages. Complaint ¶¶ 16, 23; Prayer for Relief ¶ 1. Defendant moves for summary judgment on the ground that these forms of damages are not recoverable in this case.[1]

**A.     Refund/Replacement**

Magnuson-Moss requires a warrantor who provides a "full" express warranty to offer certain

---

[1] In addition to proving damage resulting from the breach, a plaintiff bringing a claim for breach of express warranty must prove that: "(1) the product had a defect or nonconformity covered by the express warranty; (2) the product was presented to an authorized representative of the manufacturer for repair; and (3) the manufacturer or its representative did not repair the defect or nonconformity after a reasonable number of repair attempts." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 50 Cal. Rptr. 3d 731, 741 (Cal. Ct. App. 2006). In this motion defendant does not challenge plaintiffs' evidence with respect to any of these other elements.

3

statutory remedies for breach in the event the warrantor is unable to remedy the defects in the warrantied product, specifically the opportunity to elect either a refund of the full purchase price or a replacement of the product. 15 U.S.C. §§ 2303(a), 2304(a) & (e); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004). Plaintiff does not dispute, however, that this case involves a "limited" rather than a "full" warranty. *See* 15 U.S.C. § 2303(a). Because Magnuson-Moss is "virtually silent" regarding the amount and type of damages which are recoverable in a "limited" express warranty case, courts must look to state law to determine the remedies available. *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979); *Schimmer*, 384 F.3d at 405.

The parties agree that the question of whether plaintiffs are entitled to a refund or replacement of the vehicle depends on whether these remedies are available under California law, specifically the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.* ("Song-Beverly"). Defendant concedes that Song-Beverly allows for the remedies of refund and replacement in warranty cases brought under that law. *See* Cal Civ. Code § 1793.3(a). Defendant argues, however, that plaintiffs are not entitled to avail themselves of Song-Beverly's remedies because the statute encompasses only claims relating to consumer goods which are sold in California. *Id.* § 1793.2(a); *Cummins, Inc. v. Superior Court*, 115 P.3d 98, 106 (Cal. 2005).

In the Court's view, there in no dispute that the sale of plaintiffs' motor home took place in Utah and not in California.[2] However, the fact that plaintiffs would not be able to maintain a separate cause of action under Song-Beverly is not fatal to their claim under Magnuson-Moss. Federal courts throughout the country, including the Ninth Circuit, have recognized that Magnuson-Moss itself provides consumers with a substantive right of action for breach of express warranty, while looking to state law to determine the remedies available. *See, e.g.*, *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir. 2004); *MacKenzie*, 607 F.2d at 1166-67; *Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1116-17 (C.D. Cal. 2007); *Romo v. FFG Insurance Company*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005); *DeShazer v. Nat'l RV Holdings, Inc.*, 391 F. Supp. 2d 791, 794 (D. Ariz. 2005). The Court agrees with plaintiffs that, in particular, the *Romo* case lends support to the conclusion that Song-

---

[2] This issue will be addressed in further detail in the forthcoming discussion concerning plaintiffs' implied warranty claim.

4

Beverly remedies are available in this case. In *Romo*, the plaintiff brought suit under Magnuson-Moss, alleging breach of a service warranty on a used car she had purchased. There was no dispute that Song-Beverly provided for recovery of punitive damages in cases of willful breach. *See Romo*, 397 F. Supp. 2d at 1240 (citing Cal. Civ. Code § 1794(c)). However, the defendant argued that these damages were not available to the plaintiff because Song-Beverly does not cover used cars. *Id.* at 1241. The court rejected the defendant's argument, holding that although

> the Song-Beverly Act has a different substantive scope than the Magnuson-Moss Act, there is nothing to support the notion asserted by Defendant that the Magnuson-Moss Act adopts the substance of underlying state law in addition to the scope of remedies. . . . [T]he reason courts have looked to state law for guidance on remedies under the Magnuson-Moss Act is because Congress chose not to include remedial provisions in the Act. By contrast, Congress did provide for a substantive right of action in the provisions of the Act, and it would frustrate congressional purpose to circumscribe the scope of that protection because state law is less expansive.

*Id.* The Court finds this analysis persuasive in the present case. The fact that Song-Beverly does not provide a substantive right of action to consumers who purchase their vehicles outside California has no bearing on whether the types of remedies otherwise available under the statute may be recovered in a case brought under Magnuson-Moss. The Court agrees with the *Romo* court that the scope of claims that may be brought under Magnuson-Moss is not substantively limited to those claims available under state law.[3]

Defendant's motion for summary judgment as to plaintiffs' request for a refund or replacement is therefore DENIED.

### B.  Incidental and Consequential Damages

Plaintiffs also seek incidental and consequential damages in connection with their breach of express warranty claim. Defendant seeks summary judgment as to these forms of relief on the ground that they are expressly disclaimed in the product warranty. Defendant has submitted a copy of the warranty, which contains the following disclaimer:

---

[3] Defendant's contention that permitting Song-Beverly damages in this case will invalidate the rule that Song-Beverly "appl[ies] only to vehicles sold in California" is unavailing. *Cummins*, 115 P.3d at 106. Nothing in the Court's present decision affects the applicability of the *Cummins* rule to breach of warranty claims brought under Song-Beverly, whether in state or federal court.

5

> Tiffin is not responsible for any loss, injury, or damage to person or property resulting from any Defect in the vehicle, nor is Tiffin liable for direct, indirect, incidental, special or consequential damages of any nature to any person sustained from any cause.
>
> Among other things, this Limited Warranty does not cover damages, if any, from loss of use including, without limitation, the cost of lodging bills, car or other rentals, travel costs, loss of pay or revenue, costs of towing, inconvenience, fuel costs, telephone costs, loss or damage to personal property, or loss of time. This Limited Warranty limits Tiffin's obligations to the sole remedies of repair or replacement.

Limited Warranty at 4.

The Court agrees with plaintiffs that the disclaimer is not valid in this case. Song-Beverly expressly allows for recovery of incidental and consequential damages. Cal. Civ. Code § 1794(b)(2); Cal. Com. Code §§ 1714-15. The provisions of Song-Beverly are not waivable. Cal. Civ. Code § 1790.1; *Gusse*, 470 F. Supp. 2d at 1118. In light of the Court's conclusion that plaintiffs may seek Song-Beverly remedies in this case, summary judgment must be DENIED as to the requests for incidental and consequential damages as well.

## II.     Breach of Implied Warranty

Plaintiff also alleges breach of the implied warranty of merchantability. Magnuson-Moss defines the substantive scope of the implied warranty claim under the federal act to be "an implied warranty arising under State law." 15 U.S.C. § 2301(7); *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009). Under California law, "every sale of consumer goods that are sold at retail *in this state* shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792 (emphasis added). Defendant argues that plaintiffs' claim must fail because they did not purchase the motor home in California.

Song-Beverly defines the term "sale" as "[t]he passing of title from the seller to the buyer for a price." Cal. Civ. Code § 1791(n)(1). "[W]hen title passes outside of California, the Song-Beverly Act does not apply." *Gusse*, 470 F. Supp. at 1113. California courts look to the state's Commercial Code to determine when title passes under Song-Beverly. *Cal. State Elecs. Ass'n v. Zeos Int'l Ltd.*, 49 Cal. Rptr. 2d 127, 131 (Cal. Ct. App. 1996). Under the relevant section, "Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with

reference to the physical delivery of the goods." Cal. Com. Code § 2401(2).[4]

In this case, it is undisputed that plaintiffs purchased the motor home from Quality RV in Utah. *See* Motor Vehicle Contract of Sale; M. Brilliant Decl. ¶ 2; R. Brilliant Decl. ¶ 4.[5] Plaintiffs' contract with Quality RV contained no provision addressing transfer of title or requiring the seller to make separate delivery of the motor home. Rather, it is quite clear from plaintiffs' own version of events that the seller's performance with respect to delivery ended when plaintiffs signed the contract and took immediate possession of the motor home. M. Brilliant Decl. ¶ 2; R. Brilliant Decl. ¶ 4. Therefore, defendant is correct that the undisputed evidence shows that title passed to plaintiffs when they purchased the vehicle in Utah in January 2008.

Plaintiffs argue that title did not pass to them until November 2008, when they registered the motor home in California and formally acquired written title. *See* Vehicle Transfer and Reassignment Form, Pltf. Ex. B. This argument is directly foreclosed by California law, which provides that transfer of title occurs upon completion of the seller's performance "even though a document of title is to be delivered at a different time or place." Cal. Com. Code § 2401(2).[6]

Having concluded that plaintiffs fail to show any material dispute of fact regarding the fact that the motor home was purchased outside California, the Court finds that no implied warranty of merchantability arose under Song-Beverly in connection with the sale. Defendant's motion for summary judgment as to the implied warranty claim is therefore GRANTED.

---

[4] Plaintiffs cite to California Commercial Code § 2401(3)(a), which provides that where "delivery is to be made without moving the goods" and "[i]f the seller is to deliver a tangible document of title, title passes at the time when and the place where he delivers such documents." Plaintiffs argue that, because written title to the vehicle was later delivered to them in California, the "sale" occurred in California for purposes of Song-Beverly. Plaintiffs do not explain, however, how delivery of the motor home in this case was made without moving the vehicle. For example, at the time of sale, plaintiffs did not already have physical possession of the vehicle. *See Matter of Emergency Beacon Corp.*, 665 F.2d 36, 41 (2d Cir. 1981) (applying identical subsection of Uniform Commercial Code to situation in which, "[b]ecause of [the buyer's] possession of the cars, there was to be no delivery by movement of the cars"). Therefore, in determining when title to the motor home passed to plaintiffs, the Court will apply California Commercial Code § 2401(2).

[5] Defendant's relevance objections to both the Marisol Brilliant and Ronald Brilliant declarations are overruled in full.

[6] Plaintiffs' assertion that Quality RV eventually refunded the Utah sales tax also does not create a material dispute as to whether the sale took place in California.

7

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part and DENIES in part defendant's motion for summary judgment (Docket No. 32).

**IT IS SO ORDERED.**

Dated: July 7, 2010

SUSAN ILLSTON
United States District Judge